IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES KY ANDERSON,<br><br>        Petitioner,<br><br>  v.<br><br>STATE OF CALIFORNIA,<br><br>        Respondent.<br>_____ | No. C 05-3315 MMC (PR)<br><br>**ORDER TO SHOW CAUSE;<br>GRANTING LEAVE TO PROCEED IN<br>FORMA PAUPERIS**<br><br>**(Docket No. 3)** |

Petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has applied for leave to proceed in forma pauperis.

**BACKGROUND**

In 2003, petitioner pled guilty in Mendocino County Superior Court to charges of assault with a deadly weapon causing great bodily injury. He was sentenced to seven years in state prison. The California Court of Appeal affirmed, and the Supreme Court of California denied review. His habeas petitions to the California Superior Court and California Supreme Court were denied.

**DISCUSSION**

A.   Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it

appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.   Legal Claims

Petitioner claims that (1) he received ineffective assistance of counsel because counsel did not present "mitigating circumstances"; (2) he was not properly advised that he would be giving up a trial by jury, or of the other consequences of his guilty plea; (3) there have been intervening changes in the federal sentencing guidelines; (4) because of his "amphetamine psychosis," he was not able to make a knowing and intelligent waiver of his rights in connection with his plea; and (5) the prosecutor and judge committed misconduct by denying him his equal protection right to the same lawyers that a wealthy defendant would have had.

Petitioner's third claim is not cognizable as he is a state prisoner who was not sentenced under the federal guidelines. Additionally, as to federal habeas relief, the only challenges available after a guilty plea are to the voluntary and intelligent character of the plea and the nature of the advice of counsel to enter the plea. Hill v. Lockhart, 474 U.S. 52, 56-57 (1985). A defendant who pleads guilty cannot later raise in habeas corpus proceedings independent claims relating to the deprivation of constitutional rights that occurred before the plea of guilty. See Haring v. Prosise, 462 U.S. 306, 319-20 (1983) (holding guilty plea forecloses consideration of pre-plea constitutional deprivations). Consequently, plaintiff's fifth claim is not cognizable. Plaintiff's first, second and fourth claims, liberally construed, address either the voluntary and intelligent nature of his guilty plea, or the nature of his counsel's advice to plead guilty. Accordingly, such claims are cognizable. The third and fifth claims, for the reasons expressed, will be dismissed.

**CONCLUSION**

In light of the foregoing, the Court orders as follows:

1.   Petitioner's third and fifth claims are DISMISSED for failure to state a

cognizable claim for relief.

2.   The Clerk of the Court shall serve by certified mail a copy of this order and the petition, along with all attachments thereto, upon respondent and respondent's attorney, the Attorney General for the State of California.  The Clerk shall also serve a copy of this order on petitioner.

3.   Respondent shall file with the Court and serve on petitioner, within 60 days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's three cognizable claims, described above.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within 30 days of his receipt of the answer.

4.   In lieu of an answer, respondent may file, within 60 days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the Court and serve on petitioner a reply within 15 days of receipt of any opposition.

5.   Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6.   It is petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7.   Upon a showing of good cause, requests for a reasonable extension of time will be granted as long as they are filed on or before the deadline which they seek to extend.

8. In light of his lack of funds, petitioner's request for leave to proceed in forma pauperis is GRANTED.

This order terminates Docket No. 3.

IT IS SO ORDERED.

DATED: October 19, 2005

MAXINE M. CHESNEY
United States District Judge

4