IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES KY ANDERSON,<br>  Petitioner,<br>  v.<br>STATE OF CALIFORNIA,<br>  Respondent.<br>_____ | No. C 05-3315 MMC (PR)<br><br>**ORDER GRANTING MOTION FOR RECONSIDERATION; SCHEDULING SUPPLEMENTAL BRIEFING; DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(Docket Nos. 15 & 16)** |

On August 15, 2005, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence in state court. On October 19, 2005, the Court dismissed petitioner's third claim because it alleged a violation of the Federal Sentencing Guidelines, which are not applicable to petitioner. Additionally, the Court dismissed petitioner's fifth claim because it alleged a constitutional violation that occurred prior to petitioner's entry of a guilty plea. See Haring v. Prosise, 462 U.S. 306, 319-20 (1983) (holding guilty plea forecloses consideration of habeas claims based on pre-plea constitutional deprivations); see also Tollett v. Henderson, 411 U.S. 258, 267 (1973).[1] Now before the Court is petitioner's motion for reconsideration of the Court's dismissal of his third claim, and motion for appointment of counsel.

Rule 54(b) of the Federal Rules of Civil Procedure provides that any order that does

---

[1] In its order of October 19, 2005, the Court directed respondent to show cause why the petition should not be granted based on petitioner's first, second and fourth claims, which the Court found to be cognizable. Thereafter, respondent filed an answer in which he contends the petition should be denied, and petitioner filed a traverse. The petition is currently under submission on the merits of petitioner's first, second and fourth claims.

not terminate the action is subject to revision at any time before the entry of judgment. See Fed. R. Civ. P. 54(b). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 11 v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

In his motion, petitioner requests that the Court reconsider the dismissal of his third claim in light of the recent decision by the United States Supreme Court in Cunningham v. California, 127 S. Ct. 856 (2007). In Cunningham, the Supreme Court held that California's determinate sentencing law violates the Sixth Amendment guarantee to a jury trial because it authorizes the judge, not the jury, to find the facts permitting an upper term sentence. Id. at 871 (citing Apprendi v. New Jersey, 530 U.S. 466, 488-90 (2000) and Blakely v. Washington, 542 U.S. 296, 303-04 (2004)). In his third claim, petitioner did not cite the Sixth Amendment right to a jury trial, but he did cite United States v. Booker, 543 U.S. 220 (2005), in which the Supreme Court found the federal sentencing guidelines violate the Sixth Amendment guarantee to a jury trial under Apprendi and Blakely, insofar as the guidelines authorize a judge to impose a sentence exceeding that which would have been imposed based solely on facts found by the jury or admitted by the defendant. See Booker, 543 U.S. at 288-90. It thus appears that petitioner, in his present motion, seeks to have the Court construe his third claim as asserting that, under Cunningham, his sentence violates his Sixth Amendment right to a jury. In light of the Supreme Court's decision in Cunningham, as well as petitioner's pro se and incarcerated status, the Court will so construe the third claim and order the parties to submit supplemental briefing on the issue of whether, in light of Cunningham, petitioner's sentence violates his Sixth Amendment right to a jury.

Accordingly, the motion for reconsideration is hereby GRANTED. Within 30 days of the date this order is filed, respondent is hereby ordered file a supplemental answer showing cause why habeas relief should not be granted under the recent decision by the United States Supreme Court in Cunningham v. California, 127 S. Ct. 856 (2007), as described above. If petitioner wishes to respond to the supplemental answer, he shall do so by filing a

1  supplemental traverse with the Court and serving it on respondent within 30 days of the date
2  the supplemental answer is filed.
3        The Sixth Amendment's right to counsel does not apply in habeas actions. <u>Knaubert</u>
4  <u>v. Goldsmith</u>, 791 F.2d 722, 728 (9th Cir. 1986). Pursuant to statute, however, a district
5  court is authorized to appoint counsel to represent a habeas petitioner whenever "the court
6  determines that the interests of justice so require and such person is financially unable to
7  obtain representation." <u>See</u> 18 U.S.C. § 3006A(a)(2)(B). Here, petitioner's claims have been
8  adequately presented, and there is no need for an evidentiary hearing. Consequently, the
9  interests of justice do not require appointment of counsel in the instant case, and the motion
10 for appointment of counsel is hereby DENIED. Should the circumstances change materially
11 at a later stage of the litigation, the Court will reconsider this decision sua sponte.
12       This order terminates Docket Nos. 15 and 16.
13       IT IS SO ORDERED.
14 DATED: June 21, 2007

                                            _____
                                            MAXINE M. CHESNEY
                                            United States District Judge

*United States District Court*
*For the Northern District of California*