IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES KY ANDERSON, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> TOM L. CAREY, Warden, ) <br> ) <br> Respondent. ) <br> _____ ) | No. C 05-3315 MMC (PR) <br><br> **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DIRECTIONS TO CLERK** |

On August 15, 2005, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutional validity of his plea agreement. The Court found petitioner had stated cognizable claims that his plea was not entered voluntarily and directed respondent[1] to show cause why the petition should not be granted based on said claims. Additionally, the Court dismissed petitioner's claim alleging a violation of the Federal Sentencing Guidelines, as the guidelines are not applicable to petitioner, a state prisoner. Respondent thereafter filed an answer, along with a memorandum and exhibits in support thereof, and petitioner filed a traverse.

---

[1] In the caption of the petition, petitioner named "The State of California" as respondent. Where a petitioner is in custody, however, the proper respondent in a habeas action is the state officer having custody of the petitioner. See Rule 2, Rules Governing Section 2254 Cases. Consequently, respondent has moved for dismissal of the State of California and to have Tom L. Carey, Warden of the California State Prison, Solano, the facility at which petitioner is incarcerated, substituted as respondent herein. Respondent's motion is hereby GRANTED, and Warden Carey is hereby SUBSTITUTED as respondent in this action. The Clerk of the Court will be directed to so substitute Warden Carey on the court docket.

1   Petitioner subsequently moved for reconsideration of the dismissal of his claim
2   alleging a violation of the Federal Sentencing Guidelines.  Based on petitioner's
3   representation in his motion for reconsideration that his intent had been to challenge his
4   sentence based on the denial of his Sixth Amendment right to a jury trial, the Court granted
5   reconsideration and directed the parties to file supplemental briefing.  Respondent thereafter
6   filed a supplemental answer, along with a memorandum in support thereof, and petitioner
7   filed a supplemental traverse.

8   Having reviewed the briefs and the underlying record herein, the Court concludes
9   petitioner is not entitled to habeas relief based on the claims presented and, accordingly, will
10  deny the petition.

## BACKGROUND

12  On February 19, 2003, in the Superior Court of Mendocino County ("Superior
13  Court"), petitioner was charged with attempted murder, and a sentencing enhancement for
14  infliction of great bodily injury on an elderly victim was alleged in connection therewith.
15  (Ans. Ex. 1.)  At the preliminary hearing, the trial court found the evidence was sufficient to
16  hold petitioner to answer to the charges, based on testimony that petitioner, after stating he
17  was going to kill the victim, struck the victim, a sixty-year old man, on the head and arm with
18  a pickaxe.  (Ans. Ex. 2 Vol. 1.)  The information was subsequently amended to include a
19  charge of assault with a deadly weapon, along with an allegation of infliction of great bodily
20  injury.  (Ans. Ex. 1.)

21  On June 12, 2003, petitioner entered a plea of no contest to the charge of assault with
22  a deadly weapon and admitted the great bodily injury allegation, in exchange for the
23  prosecutor's dismissal of the attempted murder charge and elderly victim enhancement.
24  (Ans. Ex. 2 Vol. 5 ("Plea Hearing") at 9:16-10:1.)  The trial court denied probation and, after
25  weighing the factors in aggravation and mitigation, sentenced petitioner to the upper term of
26  four years on the assault charge and three years on the great bodily injury enhancement.
27  (Ans. Ex. 2 Vol. 5 ("Sentencing Hearing") at 32:24-35:27.)

28  Petitioner filed a direct appeal and asked the California Court of Appeal to

1 independently review the record pursuant to People v. Wende, 25 Cal.3d 436 (1979), to
2 determine whether there were any meritorious issues for appeal.  (Ans. Ex. 3.)  The Court of
3 Appeal affirmed the conviction, finding petitioner, who was represented by counsel at all
4 times, entered his plea voluntarily and that there were no meritorious issues to be argued on
5 appeal.  (Ans. Ex. 4.)

Thereafter, petitioner filed a petition for a writ of habeas corpus in the Superior Court, claiming his plea was not voluntary because he had been denied effective assistance of counsel, he had not knowingly and intelligently waived his constitutional rights, and the plea did not take into consideration his history of drug use.  The petition was denied on the merits.  (Ans. Ex. 5.)  Petitioner's subsequent petition, filed in the California Supreme Court and raising the same claims, was summarily denied.  (Ans. Exs. 6 & 7.)

Petitioner next filed state habeas corpus petitions in the Superior Court and the California Supreme Court, claiming his sentence was invalid because he had been denied the right to a jury trial, in violation of the Sixth Amendment.  Both petitions were summarily denied.  (Petr.'s Suppl. Traverse Ex. A.)

The instant petition followed.

## DISCUSSION

A.   Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28

3

U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A federal court must presume the correctness of the state court's factual findings. 28 U.S.C. § 2254(e)(1). Habeas relief is warranted only if the constitutional error at issue had a "substantial and injurious effect or influence in determining the jury's verdict." Penry v. Johnson, 532 U.S. 782, 796 (2001) (quotation and citation omitted).

The state court decision to which 2254(d) applies is the "last reasoned decision" of the state court. See Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991); Barker v. Fleming, 423 F.3d 1085, 1091-92 (9th Cir. 2005). Consequently, with respect to petitioner's claims that his plea was not entered voluntarily, the Court "looks through" the California Supreme Court's summary denial to the Superior Court's order denying petitioner's claims on the merits. Shackleford v. Hubbard, 234 F.3d 1072, 1079 n. 2 (9th Cir. 2000) (citing Nunnemaker, 501 U.S. at 803-04.) With respect to petitioner's sentencing claim, however, there is no reasoned decision, as each of petitioner's state habeas corpus petitions was summarily denied. The Court therefore must conduct an independent review of the record to determine whether the state court's decision denying petitioner's sentencing claim was an objectively unreasonable application of clearly established federal law. Richter v. Hickman, 521 F.3d 1222, 1229 (9th Cir. 2008).

B. Petitioner's Claims

1. Involuntary Plea

"The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quotation and citation omitted.) A guilty plea not made voluntarily and intelligently violates due process. See Boykin v. Alabama, 395 U.S. 238, 242-43 (1969).[2]

In the instant petition, petitioner claims his plea was not made voluntarily because:

---

[2] As noted, petitioner entered a plea of no contest. Under California law, a plea of no contest in a felony case is equivalent to a plea of guilty for all purposes. See Cal. Penal Code § 1016. Consequently, the issue of whether petitioner's no contest plea was voluntary will be assessed herein under the same standards as are applicable to guilty pleas.

4

(1) he was denied effective assistance of counsel; (2) he was not advised of his constitutional rights by the trial court prior to entry of his plea; and (3) the plea was negotiated by petitioner's counsel and accepted by the court without consideration of petitioner's drug use.

As noted, petitioner raised the above claims in his state habeas petitions. In denying petitioner's claims, the Superior Court ruled as follows:[3]

> [T]his court took the plea. [Petitioner's] assertion in his petition that there was an argument between him and his attorney at the time of the plea is unsupported by the record.
>
> The transcript of the plea reflects that the court asked [petitioner] whether he had sufficient time to discuss the case with his attorney. He responded that he did, and in fact talked about the case with another attorney and was well informed.
>
> Finally, this court has again read the petitioner's letter to the court which apologizes for his actions and states that during commission of the offense he was out of his mind.
>
> Accordingly, this court must conclude that the assertions contained in the petition are without merit. Nothing in the record supports petitioner's contentions, and his admissions and conduct at the entry of plea reflect that the petitioner made a voluntary and knowing waiver of rights, and entry of plea.

(Ans. Ex. 5.)

For the reasons stated below, the Court finds the Superior Court's determination was neither contrary to, nor an unreasonable application of, clearly established federal law.

        a.     <u>Ineffective Assistance of Counsel</u>

Petitioner claims he was denied effective assistance of counsel based on the following: (1) the attorney who represented him at his preliminary hearing did not consider evidence petitioner wished to present at trial, and (2) the attorney who represented petitioner when he entered his plea coerced him into pleading no contest because she only met with petitioner on "a couple" of occasions, neglected to inform petitioner of the gravity of the charges he faced, and, upon learning that the prosecutor would seek the upper sentencing term for the attempted murder and assault charges, refused to accept petitioner's decision to go to trial, telling petitioner that "he would lose in a jury trial, and the prosecution would go for the

---

[3] As noted, the Court reviews herein the decision of the Superior Court because such decision is the last reasoned decision of a state court on the merits of petitioner's claims.

5

aggravated term on the enhancement as well." (Pet. Attach. at 1-2.)

Where a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases." Hill, 474 U.S. at 56. The test for evaluating a challenge to the voluntariness of a plea, based on ineffective assistance of counsel, is that adopted in Strickland v.Washington, 466 U.S. 668 (1984). Hill, 474 U.S. at 57. Under Strickland, in order to prevail on a claim of ineffectiveness of counsel, a defendant must establish two things. First, he must establish that counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms. Strickland, 466 U.S. at 687-88. Second, he must establish that he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Where the defendant is challenging counsel's advice to plead guilty, such defendant, in order to satisfy the "prejudice" requirement, must show there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill, 474 U.S. at 58.[4]

In the instant case, petitioner's first claim is that he was denied effective assistance of counsel by the attorney who represented him at his preliminary hearing. As a matter of law, such claim is without merit. A defendant who pleads guilty cannot later raise by way of habeas corpus independent claims relating to a deprivation of constitutional rights that occurred before the plea. Haring v. Prosise, 462 U.S. 306, 319-20 (1983) (holding guilty plea forecloses consideration of pre-plea constitutional deprivations). Accordingly, petitioner is not entitled to habeas relief on his claim of pre-plea ineffective assistance of

---

[4]The test for ineffective assistance of counsel claims set forth in Strickland and Hill constitutes "clearly established federal law" for purposes of a court's reviewing, on federal habeas corpus, a petitioner's claim that he was denied effective assistance of counsel when pleading guilty. Womack v. Del Papa, 497 F.3d 998, 1002 (9th Cir. 2007).

counsel.

Petitioner's next claim is that he was denied effective assistance of counsel because his plea was coerced by the attorney who represented him at the time he entered his plea. The Court finds, however, the Superior Court's determination on this issue, specifically, that petitioner's plea was not coerced, was neither contrary to nor an unreasonable application of clearly established federal law. The determination was not contrary to clearly established federal law because, as discussed below, the Superior Court properly considered whether the nature of counsel's advice to plead guilty rendered the plea involuntary. See Hill, 474 U.S. at 56 (holding voluntariness of plea depends on whether counsel provided competent advice). Additionally, as discussed below, the determination was not an unreasonable application of clearly established federal law because the record supports the Superior Court's finding that petitioner was not coerced and entered his plea voluntarily.

In reviewing the record, the Court first considers the transcript of the plea hearing.[5] Here, the transcript shows petitioner expressly acknowledged he had not been coerced into entering a plea. Specifically, at the plea hearing, the trial court asked petitioner: "Has anyone made any threats or promises to you in exchange for your plea other than what's been stated here in open court?" Petitioner responded: "No, sir." (Ans. Plea Hearing at 8:15-18.). A short time later in the proceedings, the trial court engaged in additional colloquy with petitioner:

> THE COURT: All right. Have you had adequate time to discuss the case with your attorney –

---

[5]The Supreme Court has held that the transcript of the plea hearing plays a significant role in an inquiry into the validity of a plea on collateral review:

> [T]he representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) (citations omitted).

7

| | | |
|---|---|---|
| [PETITIONER]: | Yes, sir. | |
| THE COURT: | – reaching the decision that you did? | |
| [PETITIONER]: | Yes.  And another attorney that talked – spoke too, sir, so I'm well informed. | |

(Id. at 11:23-12:2.)

The Court also considers, in addition to the plea transcript, the Superior Court's finding that there was no evidence in the record to support petitioner's assertion that petitioner and his attorney argued at the time the plea was taken, which argument petitioner claims resulted from his attorney's refusal to accept petitioner's decision to go to trial. Absent clear and convincing evidence to the contrary, the Court must presume that the state court's factual findings are correct.  See 28 U.S.C. § 2254(e)(1).  Here, petitioner has presented no evidence to rebut the presumption of correctness of the Superior Court's finding; accordingly, the Court is bound by the Superior Court's finding that no such argument occurred.

In sum, the record does not support petitioner's assertions that he was coerced by his attorney into pleading no contest.  Consequently, the Court cannot say trial counsel's performance in advising petitioner to plead no contest was deficient.

Further, petitioner has not shown that, absent counsel's alleged deficient performance, there is a reasonable probability that petitioner would not have entered a plea and would have gone to trial.  As noted above, in exchange for petitioner's plea to the charge of assault with a deadly weapon and admission of the great bodily injury enhancement, the prosecutor dismissed the charge of attempted murder and an elderly victim enhancement.  If petitioner had gone to trial and been found guilty of attempted murder in the first degree, he would have faced a maximum sentence of life in prison; if petitioner were found guilty of attempted murder in the second degree, petitioner faced a maximum sentence of nine years and, if the elderly victim enhancement were proved, he would have been statutorily ineligible for probation.  See  Cal. Penal Code §§ 187, 664(a), 1209.03.  By pleading no contest, however, petitioner obtained a guarantee that his sentence would not exceed a maximum term of

1  imprisonment of seven years[6] and, further, that he would be eligible for probation.[7] Based on
2  this record, the Court cannot say a reasonable probability exists that absent trial counsel's
3  allegedly deficient performance, petitioner would not have entered his plea of no contest.
4  See United States v. Baramdyka, 95 F.3d 840, 845-47 (9th Cir. 1996) (holding defendant not
5  prejudiced by counsel's deficient performance where counsel succeeded in negotiating plea
6  agreement that substantially reduced sentence defendant would have likely received had he
7  gone to trial).

8  As the Superior Court's determination that petitioner was not denied effective
9  assistance of counsel was neither contrary to, nor an unreasonable application of, clearly
10 established federal law, petitioner is not entitled to habeas relief on his ineffective assistance
11 of counsel claim.

12           b.     Waiver of Constitutional Rights

13 Petitioner claims he did not enter his plea voluntarily because he was not advised of
14 his constitutional rights. Specifically, he claims that "the Judge did not at any time inquire of
15 the defendant whether or not the defendant properly understood the consequences of pleading
16 'No Contest' to the charges involved." (Pet. Attach. at 2-3.) Petitioner further claims he was
17 "not properly informed of the gravity of his plea, and the associated difficulties that would
18 ensue in future attempts to rectify the forthcoming sentence." (Id. at 3.)

19 Determining whether a plea was voluntarily and intelligently made requires a review
20 of the circumstances surrounding the plea. See Brady v. United States, 397 U.S. 742, 749
21 (1970). In conducting such review, the court must consider "both the defendant's subjective
22 state of mind and the constitutional acceptability of the external forces inducing the guilty
23 plea." Doe v. Woodford, 508 F.3d 563, 570 (9th Cir. 2007) (internal quotation and citation

---

[6] Under the no contest plea, petitioner was subject to a sentence of either two, three or four years on the assault charge, and to a statutorily mandated consecutive sentence of three years on the great bodily injury enhancement. Cal. Penal Code §§ 245(a)(1), 12022.7(a).

[7] Because the instant conviction was petitioner's first felony conviction, probation was a subject of considerable discussion at the sentencing hearing and strongly argued by petitioner's counsel. (See Ans. Sentencing Hearing.)

omitted). Of particular importance is whether the defendant entered the plea with sufficient awareness of the relevant circumstances and likely consequences. Brady, 397 U.S. at 748.

Due process does not require a state court to enumerate all of the rights a defendant waives when he enters a guilty plea, as long as the record indicates the plea was entered voluntarily and knowingly. See Rodriguez v. Ricketts, 798 F.2d 1250, 1254 (9th Cir. 1986), cert. denied, 479 U.S. 1057 (1987). A plea is not voluntary, however, unless it is "entered by one fully aware of the direct consequences" thereof. Brady, 397 U.S. at 755. Thus, a defendant must be advised of the range of allowable punishment that will result from his plea. Torrey v. Estelle, 842 F.2d 234, 235 (9th Cir. 1988).

In the instant matter, the record shows that petitioner waived his constitutional rights and was aware of the consequences of his plea. Specifically, after petitioner confirmed for the trial court that he would be pleading no contest to the charge of assault with a deadly weapon and that he would be admitting the great bodily injury allegation, the trial court engaged petitioner in the following plea colloquy:

> THE COURT: If you do that, you'll be waiving certain valuable rights. One of which is a right to either a court trial or a jury trial on the issue of your guilt or innocence.
>
> Do you understand that you have that right?
>
> [PETITIONER]: Yes, sir.
>
> THE COURT: Do you give it up?
>
> [PETITIONER]: Yes, sir.
>
> THE COURT: Do you give up your right as part of that trial to confront and cross-examine the witnesses against you?
>
> [PETITIONER]: Yes, sir.
>
> THE COURT: Do you give up your right as part of that trial to present evidence to show that you are not guilty of the offense?
>
> [PETITIONER]: Yes.
>
> THE COURT: And do you give up your Fifth Amendment right not to say anything against yourself?
>
> [PETITIONER]: Yes, sir.

10

(Ans. Plea Hearing at 7:11-8:1.)

Additionally, the record shows petitioner was informed of the direct and collateral consequences of his plea. The trial court expressly informed petitioner that he would be facing a maximum sentence of seven years in state prison with up to three years of parole thereafter; that for each violation of parole petitioner could be returned to state prison for an additional year; that petitioner could be liable for up to a $10,000.00 fine and restitution; that by pleading no contest to a felony, petitioner would be prohibited from ever possessing ammunition and firearms; that if petitioner was not an American citizen, the conviction could result in his deportation; and, that by pleading no contest to a "strike" offense, petitioner would have to serve 85% of his prison term and the strike could be used to enhance any future sentence petitioner might face as a result of a felony conviction. (Id. at 8:2-9:13.) After informing petitioner of the above consequences of his plea, the trial court asked petitioner if he had any questions; in response, petitioner shook his head. (Id. at 9:14-15.)

Based on the above record, the Court finds it was not objectively unreasonable for the Superior Court to conclude that petitioner had voluntarily and knowingly waived his rights when he entered his plea. Accordingly, as the Superior Court's determination was neither contrary to, nor an unreasonable application of, clearly established federal law, petitioner is not entitled to habeas relief on his claim that his plea was not voluntary because he was not advised of his constitutional rights and the consequences of his plea.

        c.     <u>Drug Use</u>

Petitioner claims his plea was not voluntary because his history of drug use and his "amphetamine psychosis" made it impossible for him to understand what he was doing when he attacked the victim, and to understand the rights he was waiving when he entered his plea. (Pet. Attach. at 5-7.)

To the extent petitioner is claiming he could have successfully demonstrated at trial that, because of his drug use, he did not possess the requisite state of mind to be found guilty of attempted murder, such claim is precluded because it concerns the deprivation of rights that occurred prior to entry of the plea. See Haring, 462 U.S. at 319-20. Accordingly,

1  petitioner is not entitled to habeas relief on this claim.

2        To the extent petitioner is claiming his plea was not voluntary because the plea
3  agreement did not take into account the fact that petitioner's attack on the victim was drug-
4  induced, such argument is belied by the record.  At the sentencing hearing, petitioner's
5  counsel made clear that the matter of petitioner's drug use was pivotal to the plea
6  negotiations.  Specifically, petitioner's counsel noted that prior to entry of the plea the
7  defense had obtained a report from Douglas Rosoff, D.O. ("Dr. Rosoff"), a psychiatrist
8  retained by the Public Defender's Office to examine petitioner, which report, according to
9  petitioner's counsel, showed there were "issues" as to petitioner's mental state on the date of
10 the attack.  (Ans. Sentencing Hearing at 17:3-9.)[8]

11       Petitioner's counsel then explained why, having considered the report, she nonetheless
12 advised petitioner to plead no contest:

> However, it's very clear that even under those circumstances, [assault with a deadly weapon] is a general intent crime.  Because it's a general criminal intent crime, I advised [petitioner] to enter a plea to that; notwithstanding what I perceived to be very significant mental health issues that were exacerbated by the significant use of crank for a four-day period of time leading up to the incident, which, I believe, is corroborated by other witnesses that lived on the property as well and also worked for [the victim], that describe the unusual behavior of [petitioner] that because of what my client believed at the time [the victim] was going to do to him is why he reacted the way that he did.

18 (Ans. Sentencing Hearing at 17:10-22.)

19       Based on the above, it is clear from the record that petitioner's plea of no contest to
20 assault with a deadly weapon, a general intent crime, in exchange for the dismissal of the
21 attempted murder charge, a specific intent crime, was premised on the fact that petitioner's
22 behavior at the time of the attack was drug induced.  Consequently, petitioner's claim that his
23 plea was not voluntary because the plea agreement did not take into account the circumstance
24 of petitioner's drug use is factually unsupported.

25       Petitioner's claim that he suffered from drug-induced anxiety at the time he entered

---

[8] Dr. Rosoff opined that petitioner was "exhibiting amphetamine related anxiety and psychosis" at the time of the attack, and "at the time of the assault [petitioner] did not genuinely intend to strike [the victim] with a pick axe [sic] due to evil intent but suffered from Methamphetamine induced psychosis."  (Ans. Ex. 1 Rosoff Report at 4).

12

1  his plea likewise is unsupported by the record.  During the plea colloquy, the trial court
2  expressly asked petitioner, "Are you presently under the influence of medication, alcohol, or
3  any other drug which would prevent you from making a knowing and intelligent waiver of
4  your rights?," to which question petitioner answered, "No, sir."  (Ans. Plea Hearing at 19-
5  23.)  Later in the proceedings a further colloquy took place upon the prosecutor's urging that
6  the trial court inquire about the medication petitioner might be taking:

> [PROSECUTOR]:   And I just ask that the court inquire as to any medication that [petitioner] might be taking because I think that there's been some contact with Dr. Rosoff, and whether or not he's had an adequate amount of time to discuss the case with counsel.
>
> THE COURT:   Well, I asked him about if he was taking any medications and he denied it.
>
> Are you, sir?
>
> [PETITIONER]:   I just started.  I just started last night.
>
> THE COURT:   What are you taking?
>
> [PETITIONER]:   Trazadone.  It's supposed to help me sleep.
>
> THE COURT:   Does that cause your head to become fuzzy or otherwise –
>
> [PETITIONER]:   No, sir.
>
> THE COURT:   – prevent you from making –
>
> [PETITIONER]:   Low dosage.  Last night I barely even felt it, except it's supposed to help me sleep, but I was up late last night.

(Ans. Plea Hearing at 11:3-22.)

On this record, the Court finds it was not objectively unreasonable for the Superior Court to conclude petitioner's plea was voluntary, given that petitioner's drug use was taken into consideration both during plea negotiations and when the plea was entered. Accordingly, as the Superior Court's determination was neither contrary to, nor an unreasonable application of, clearly established federal law, petitioner is not entitled to habeas relief on his claim that his plea was not voluntary because of his drug use.

   2.   Sentencing Claim

Petitioner claims the trial court violated his Sixth Amendment right to a jury trial by

1    sentencing him to an aggravated term of four years on the assault charge and imposing a
2    sentencing enhancement of three years on the great bodily injury enhancement.  Petitioner
3    bases his claim on the Supreme Court's holding in Cunningham v. California, 549 U.S. 270
4    (2007), in which the Supreme Court held that California's determinate sentencing law
5    violates the Sixth Amendment because it authorizes the judge, not the jury, to find the facts
6    permitting an upper-term sentence.
7         Respondent argues the claim must be dismissed because it is unexhausted, or,
8    alternatively, because Cunningham does not apply retroactively to petitioner's case.
9    Respondent's arguments are unpersuasive.  First, with respect to exhaustion, petitioner has
10   presented evidence showing his claim was denied by the California Supreme Court on habeas
11   corpus review before this Court granted petitioner's motion for reconsideration and found the
12   claim cognizable.  (Petr.'s Suppl. Traverse Ex. A.)  Accordingly, the claim appears to be
13   exhausted.  Second, the Ninth Circuit has recently held that Cunningham did not announce a
14   new constitutional rule of criminal procedure and, consequently, that Cunningham applies
15   retroactively on habeas corpus review.  See Butler v. Curry, 528 F.3d 624, 639 (9th Cir.
16   2008).  The Court thus will address petitioner's Cunningham claim on the merits.
17        Cunningham is the most recent in a line of Supreme Court cases decided subsequent
18   to Apprendi v. New Jersey, 530 U.S. 466 (2000).  In Apprendi, the Supreme Court extended
19   a defendant's right to trial by jury to findings of fact used by the sentencing court to increase
20   a defendant's sentence.  "Other than the fact of a prior conviction, any fact that increases the
21   penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury,
22   and proved beyond a reasonable doubt."  Id. at 488-90.  Under Apprendi, the "statutory
23   maximum" is the maximum sentence a judge could impose based solely on the facts reflected
24   in the jury verdict or admitted by the defendant; in other words, the relevant "statutory
25   maximum" is not the sentence the judge could impose after finding additional facts, but
26   rather the maximum he could impose without any additional findings.  Blakely v.
27   Washington, 542 U.S. 296, 303-04 (2004).
28        In Cunningham, the Supreme Court applied the above reasoning to California's

determinate sentencing law ("DSL") and found such sentencing scheme violated the Sixth Amendment because the DSL allowed the sentencing court to impose an elevated sentence based on aggravating facts that the trial court found by a preponderance of the evidence, rather than facts found by a jury beyond a reasonable doubt. Id. at 860, 870-71.

Here, petitioner's Cunningham claim is without merit because the record shows he admitted the facts on which the aggravated term and sentencing enhancement were based. See Blakely, 542 U.S. at 303 (holding facts on which maximum sentence is based either must be found by jury beyond reasonable doubt or admitted by defendant). Under California's sentencing scheme, only one aggravating factor is necessary to support imposition of the upper term. Butler, 528 F.3d at 643. Consequently, if at least one of the aggravating factors on which the trial court relied in sentencing petitioner was established in a manner consistent with the Sixth Amendment, petitioner's sentence was not in violation of the Sixth Amendment. Id. The transcript of the sentencing hearing shows the trial court relied upon the following aggravating factors to impose the upper term on the assault with a deadly weapon charge: the victim was extremely vulnerable; petitioner had a history of violence in his background; petitioner had numerous prior convictions; petitioner was on probation when the crime was committed and, as a result of his commission of the crime, petitioner's performance on probation was unsatisfactory. (Ans. Sentencing Hearing at 33:24-34:8); see Rule 4.421, Cal. R. Ct. (listing factors that may be considered in aggravation of sentence)). During the plea hearing, petitioner expressly admitted at least one of the aggravating factors, specifically, that he was on probation when the crime was committed and, consequently, was in violation thereof. (Ans. Plea Hearing at 10:4-9); see Rule 4.421(b)(4)). Additionally, with respect to the enhancement, petitioner expressly admitted that he inflicted great bodily injury upon the victim. (Ans. Plea Hearing at 9:25-10:1.)

As the record demonstrates that petitioner admitted the facts underlying at least one of the aggravating factors used to impose the upper term on the assault charge and that he also admitted the great bodily injury sentencing enhancement, the California Supreme Court's rejection of petitioner's Cunningham claim was not an objectively unreasonable application

15

of clearly established federal law.[9] Accordingly, petitioner is not entitled to habeas relief on his claim that his Sixth Amendment right to a jury trial was violated.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The petition for a writ of habeas corpus is hereby DENIED.

2. The State of California is hereby DISMISSED as respondent in this action, and the Clerk is hereby DIRECTED to substitute Tom L. Carey, Warden of California State Prison, Solano, as respondent.

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: September 22, 2008

MAXINE M. CHESNEY
United States District Judge

---

[9] As noted, petitioner's state habeas petitions raising the Cunningham claim were summarily denied. Consequently, the Court has conducted an independent review of the record to determine whether the decision of the California Supreme Court, the last state court to review the Cunningham claim, was an objectively unreasonable application of clearly established federal law. See Richter v. Hickman, 521 F.3d 1222, 1229 (9th Cir. 2008).